## WILLIAM TAYLOR

### v.

## HOLMES S. BEACH.

1. SCHEDULING OF PROPERTY BY DEBTOR—CONSTRUCTION OF STATUTE.—The court is of opinion that the true construction of section 14, chapter 52, of the statute in force July 1, 1877, in regard to the scheduling of property by the debtor, is that the debtor need only swear, when making his affidavit, that the schedule contains a list of all his personal property in the terms of the law, on the day of the date of the oath. Whether the debtor in any case delays making his schedule until he loses his right of exemption under the statute, is another question; but whenever valid, the affidavit so far as relates to the date of the ownership of property would be equally valid when referring to the same date.

2. SCHEDULE OF PROPERTY—ESTOPPEL.—Where appellee, the sheriff, insisted that appellant lost his right to make a schedule because he refused to make one when demand was first made on him for property, which fact appellant denied, the schedule, made subsequently, should not be excluded on that ground while the fact of refusal is denied and is a question before the

jury, even if the validity of the schedule depended upon the fact being found for appellee, as contended for by him; the fact that the sheriff accepted such schedule, appointed appraisers, who acted under it and appraised the property, would estop him from averring that the schedule was not made in apt time.

APPEAL from the Circuit Court of Whiteside county; the Hon. JOHN V. EUSTACE, Judge, presiding. Opinion filed February 29, 1884.

This was an action in replevin by appellant against appellee to recover the possession of a quantity of personal property, consisting chiefly of household goods and harness material, commenced June 21, 1883.

Appellee plead *non-cepit, non-detinet,* property in defendant, and that he was sheriff of Whiteside county, and seizer of the same by virtue of an execution issued from the circuit court of said county on the 6th day of June, 1883; and judgment in favor of the First National Bank of Morrison against appellant and Hugh A. Boyd, for the sum of $600 and costs, on that day recovered.

It appears that appellant was a resident of Morrison, and was the head of a family and resided with the same, and that the goods were his and used as household goods. That demand was duly made. That appellee seized the harness material on the 6th day of June, 1883; he put the household goods in the sheriff's office and the harness material in the barn and kept them till replevied, having the household goods about a week. The appellee showed on the trial the judgment and execution, the levy on the harness material being June 6th, and household goods June 14th, '83.

Appellant being further sworn, testified that on the 6th of June, appellee having seized the goods on the execution, served the papers on him, and he went out of the blacksmith shop, where appellant and the jailor and he were, and came back in about half an hour, or twenty minutes, and asked him if he should schedule, and appellee said he would have to schedule; said he, appellee, would take counsel and see; he then went down and came back and said appellant would have

Taylor v. Beach.

to schedule, when the latter asked him when and how, and he said in the morning. Appellee left that evening for Chicago, and appellant did not see him any more till he got back, on Saturday or Monday following Wednesday, the day the goods were taken. The schedule was completed on the 7th of June, about six o'clock, and shown to the deputy sheriff, who had the goods, and at his suggestion it was copied off and handed to the deputy on the morning of the 8th, it being sworn to on that day. The schedule and oath were in proper form. The property was only appraised by three householders, on the 9th of June. On the trial of the issue, the appellant offered in evidence the schedule, which was excluded by the court from the jury on the grounds that it did not purport to show all the property owned by the debtor on the 6th of June, 1883, to which ruling the appellant at that time duly excepted. Appellant further offered to prove that the schedule was true according to its purport, and that the list contained in the schedule was all the personal property appellant had on the 6th day of June, 1883, the day the execution came to appellee's hands, and again offered the schedule in evidence, and appellant offered to prove that after the schedule had been given to the sheriff, and the appraisement made, he selected the goods in controversy as exempt from sale, and so notified appellee and demanded possession of them from him, but that it was refused; that appellee received the schedule and accepted the same on the 8th of June, and summoned three householders named therein, and caused the list of property to be appraised by said householders on the 9th day of June, 1883. To each of which said offers of proof the appellee's counsel objected and the objection to each was sustained by the court, to which ruling appellant by his counsel duly excepted. The jury then found by their verdict that on the 6th of June, 1883, the property in question was appellant's, and liable to appellee's execution, set out in the pleading. The motion for a new trial was overruled and judgment rendered against appellant on the verdict, and the cause is brought here by appeal to reverse it.

Messrs. BENNETT & GREEN, and Mr. WILLIAM LANE, for appellant; cited Watson v. Simpson, 5 Ala. 233; Blair v. Parker, 4 Bradwell, 414.

Exemption laws should be liberally construed toward the debtor: Thompson on Homesteads and Exemptions, §§ 4, 730; Good v. Fogg, 61 Ill. 450; Deere v. Chapman, 25 Ill. 612.

Mr. O. F. WOODRUFF and Mr. J. D. ANDREWS, for appellee; cited Cook v. Scott, 1 Gilm. 342; McCluskey v. Mc-Neely, 3 Gilm. 578; Bingham v. Maxcy, 15 Ill. 290; The People v. Palmer, 46 Ill. 398; Chapin v. Hoel, 11 Bradwell, 310.

LACEY P. J.    The only question presented in the record is, did the court err in excluding the schedule made out by the appellant and delivered to the sheriff?   The objection urged against the schedule is that it did not show on its face that it contained a list of all appellant's property of every kind and nature, owned by him on the 6th day of June 1883, the day on which the execution came to the appellee's hands, and the day on which the demand was made by him of appellant, for property out of which to satisfy it.   In this instance the day of the receipt of the execution and the demand for the property coincided.   The proper solution of this question depends upon the proper construction of section 14 of Chap. 52 R. S., in force July 1, 1877, in regard to the scheduling of property by the debtor.   It is as follows: "Whenever any debtor, against whom an execution, writ of attachment or distress warrant has been issued, desires to avail himself or herself of the benefit of this act, he or she shall make a schedule of all of his or her personal property of every kind and character, including money on hand and debts due and owing to the debtor, and deliver the same to the officer having the execution, writ of attachment, or distress warrant, which said schedule shall be subscribed and sworn to by the debtor, and any property owned by the debtor and not included in said schedule shall be not exempt as aforesaid.   And thereupon the officer having the exe-

cution, writ of attachment, or distress warrant, shall summon three householders, who, after having sworn to fairly and impartially appraise the property of the debtor, shall fix a fair valuation upon each article contained in said schedule, and the debtor shall then select from such schedule the articles he or she may desire to retain, the aggregate value of which shall not exceed the amount exempt to which he or she may be entitled, and deliver the remainder to the officer having the writ; and the officer having such writ is hereby anthorized to administer the oath required herein of the debtor and appraisers."

It will be seen by reference to the above statute that the schedule is not required in terms to cover the ownership of property at any past time from the date it bears, nor that the property described in it was all the debtor had at the time the execution came to the hands of the officer, nor all he had when the sheriff made the demand, or he or she was first requested to make the schedule, or any time other than at the date of the instrument itself.

In the absence of such provision we would not feel justified in holding to a construction that would add such a clause to the section of the statute, nor do we find any other section warranting such a construction. It seems to us that the fair and natural meaning of the statute would be, that the debtor need only swear, when making his affidavit, that the schedule contains a list of all his personal property in the terms of the law, on the day of the date of the oath. Whether the debtor in any case delays making his schedule until he loses his right of exemption under the statute, is another question; but whenever valid, the affidavit, so far as relates to the date of the ownership of property, would be equally valid when referring to the same date.

But it is objected that this construction of the statute could not be the true one, because it would leave it in the power of the debtor to evade it by fraudulently disposing of a portion of his personal property, after the coming of the execution to the officer's hands, and demand and notice to him, by scheduling the balance and claiming his exemptions.

Taylor v. Beach.

And such a result according to the argument, the legislature could not be supposed to have contemplated in passing the statute. We think this is not a sufficient reason for the giving the construction of the statute contended for by appellee; besides there are quite as many obstacles in the way of giving the construction of the statute contended for by him. The debtor might innocently dispose of a portion of his property after the officer received the execution and be by that means prevented from making the required affidavit. The law gives the officer the right to levy on all the personal property of the debtor held by him at the time he receives the writ, whether in the hands of the debtor or third party, unless it is exempt under the statute, or unless the debtor schedules it according to law and selects it as exempt property, or unless, the property remaining in the hands of the debtor, he fails to schedule, when any portion not scheduled can be seized. This gives the officer many advantages to protect himself against fraud. We can easily see that questions may arise as to the right of the debtor to select exemptions after fraudulently disposing of a portion of his property while the execution or other writ is in the officer's hands, and then offering his schedule and demanding exemptions out of what remains, but no such question is raised on this record and we are not called on to decide any. Even in such case we can not see why the schedule should not be admitted in evidence as a part of it, and particularly where there are controverted questions of fact upon the determination of which its validity depends.

The appellee raises the question and insists that the appellant lost his right to make a schedule because he refused to make one when demand was first made on him for property, which, by the way, is denied by appellant. We can not see why the schedule should be excluded on that ground while the fact of refusal is denied and is a question before the jury, even if the validity of the schedule depended on the fact being found for appellee as contended for by him; and outside of that question it would seem that the sheriff should be estopped from averring that the schedule was not made in

apt time, having accepted it and appointed appraisers who acted under it and appraised the property, and having insisted on appellant making it after he at first refused, which the latter did. For the error on the part of the court below in excluding the schedule and appraisement, and the other evidence offered by appellant and excluded from the jury, the judgment is reversed and the cause remanded.

Reversed and remanded.